UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERNON LAMAR NEAL,

    Plaintiff,

    v.                                                  CASE NO. 8:10-CV-1810-T-33MAP

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks review of the Commissioner's decision denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). I find the ALJ erred by discounting Plaintiff's sleep apnea symptoms due to noncompliance with recommended CPAP treatment without first determining Plaintiff's ability to pay for the treatment. I therefore recommend the Commissioner's decision be reversed and the case be remanded for further consideration.

    *A. Background*

Plaintiff is a 50-year-old man with an eleventh-grade education. He has past work history as a driver, cleaner, and cheese maker. (R. 27-30) Plaintiff alleges disability beginning on March 8, 2006, due to various impairments. Plaintiff's claims were denied after a March 16, 2009, hearing before an administrative law judge ("ALJ"). The ALJ concluded Plaintiff suffers from the severe impairments of "status post pacemaker, sleep apnea, and morbid obesity," but further concluded Plaintiff's impairments did not meet or equal a listing. (R. 15) The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform a limited range of light work,

being "frequently limited in his ability [to] climb, work at unprotected heights, and work with moving/dangerous machinery." The ALJ also concluded Plaintiff has "occasional limitations for prolonged standing, bending and stooping, but is capable of working in an environment without temperature extremes and pollutants." (R. 16) The ALJ concluded that although Plaintiff could not perform his past relevant work, there are other jobs existing in significant numbers in the national economy that Plaintiff could perform. The ALJ therefore concluded Plaintiff is not disabled. (R. 21-22) The Appeals Council denied review. (R. 1)

### B. Standard of Review

To be entitled to DIB or SSI, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe

impairment(s) (*i.e.*, one that significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, the Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

*C. Discussion*

Plaintiff presents many challenges to the ALJ's denial of benefits. I find one of these

warrants reversal of the ALJ's decision; namely, Plaintiff's argument that the ALJ erred by rejecting Plaintiff's subjective complaints related to his sleep apnea based solely on Plaintiff's noncompliance with recommended CPAP use.

In determining Plaintiff's RFC, the ALJ recognized Plaintiff's diagnosis of sleep apnea, discussing a January 2007 sleep study showing "frequent obstructive apneas, arousals, and severe desaturations especially during REM," as well as moderate snoring. The ALJ further noted Plaintiff's complaints of excessive tiredness, of being unable to sleep properly, and of napping due to fatigue. (R. 16, 19) After considering all Plaintiff's impairments, the ALJ stated Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but further concluded "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the findings of the physicians of record and the objective findings made during testing." (R. 20) In spite of the ALJ's broad statement, with respect to Plaintiff's sleep apnea, the only reason the ALJ articulated for discounting Plaintiff's claimed fatigue was Plaintiff's failure to follow medical recommendations that he use a CPAP machine.

Plaintiff contends he could not afford the CPAP and that his noncompliance therefore should be excused. Unexcused noncompliance may disqualify an otherwise disabled claimant from receiving benefits. *See* 20 C.F.R. §§ 404.1530, 416.930. Noncompliance with prescribed medical treatment may also be considered in evaluating a claimant's credibility. *See* Social Security Ruling ("SSR") 96-7p, 1996 WL 374186. However, where there is evidence in the record that a claimant is unable to afford a prescribed treatment, the ALJ must determine whether the claimant was in fact able to afford the treatment before using the fact of noncompliance as a

basis for the denial of benefits. *See Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) ("[W]hen an ALJ relies on noncompliance as the sole ground for the denial of disability benefits, and the record contains evidence showing that the claimant is financially unable to comply with prescribed treatment," the ALJ commits reversible error if he fails to "determine whether the claimant was able to afford the prescribed treatment." (Citation omitted); *Whalen v. Commissioner of Social Security*, No. 6:10-cv-865-Orl-22DAB, 2011 WL 3168626, at *6 (July 27, 2011) ("Before denying an application based on a claimant's failure to comply with prescribed medical care, the ALJ must consider whether the claimant is able to afford the medical care." (quotations and citation omitted)); *see also* SSR 96-7p ("[T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment."). Nevertheless, where the ALJ's determination that a claimant is not disabled is not significantly based on a finding of noncompliance, there is no reversible error for failing to determine a claimant's ability to pay. *Ellison*, 355 F.3d at 1275.

In this case, the ALJ significantly based his decision on Plaintiff's failure to use a CPAP machine. In fact, that was the only basis on which he rejected Plaintiff's testimony regarding his fatigue and daytime sleepiness. There was, moreover, evidence in the record that Plaintiff was financially unable to pay for treatment. In his July 2006 SSI application, Plaintiff stated he lived with his mother, did not contribute to household expenses, did not have any resources, did not receive any income, did not have any health insurance, and was receiving food stamps. (R.

120-22) Additionally, at the administrative hearing, Plaintiff testified generally that he was getting treatment through the Pinellas County Health Department. When the ALJ asked whether Plaintiff was using a CPAP machine, Plaintiff responded in the negative but further stated he was in the process of trying to get one through the health department. (R. 31-32) Based on this record, I conclude the ALJ committed reversible error by substantially relying on Plaintiff's noncompliance with the prescribed CPAP treatment without first determining whether Plaintiff was able to afford such treatment.[1]

For the foregoing reasons, it is hereby

RECOMMENDED:

1. The Commissioner's decision be REVERSED, this matter be REMANDED to the Commissioner for further consideration, and judgment be entered in favor of Plaintiff.

IT IS SO REPORTED at Tampa, Florida on August 22, 2011.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[1] The Commissioner argues in a footnote that Plaintiff's assertion that he was unable to afford the CPAP should be rejected in light of Plaintiff's ability to purchase cigarettes. In support of his argument, the Commissioner relies primarily on *East v. Barnhart*, 197 Fed. Appx. 899, 905 (11th Cir. 2006). In *East*, the ALJ had found the claimant's subjective complaints lacked credibility for numerous reasons, only one of which was that although the claimant alleged she "could not afford her prescription medication, she used her children's child support to buy up to 45 packs of cigarettes per month." *Id.* Without discussion, the Court stated the ALJ's reasons for discrediting the claimant were supported by substantial evidence. *Id.* Although there are statements in Plaintiff's medical records that Plaintiff sometimes smoked 2, 3, or 4 packs of cigarettes a week, the ALJ did not consider or make any findings regarding Plaintiff's ability to afford medical treatment. The ALJ should make that determination in the first instance.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: Hon. Virginia M. Hernandez Covington
    Counsel of Record