```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

VERNON LAMAR NEAL,

      Plaintiff,
v.                                    Case No.  8:10-cv-1810-T-33MAP

MICHAEL J. ASTRUE, Commissioner
of the United States Social
Security Administration,

      Defendant.
_____/

**ORDER**

This matter is before the Court upon consideration of the Report and Recommendation of the Honorable Mark A. Pizzo, United States Magistrate Judge (Doc. # 12), which was filed on August 22, 2011.  Judge Pizzo recommends that the decision of the Commissioner of the United States Social Security Administration denying Social Security benefits be reversed and also recommends that this matter be remanded for further consideration.  The Commissioner filed a timely Objection to the Report and Recommendation (Doc. # 13) on September 6, 2011, to which Neal responded on September 19, 2011. (Doc. # 15).  For the reasons that follow, the Court adopts the Report and Recommendation.

**I.**    **Legal Standard**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept,

reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

## II. Discussion

Neal is a 50-year-old-man with an eleventh grade education and past work experience as a driver, cleaner, and cheese maker. (R. 27-30).  On July 18, 2006, Neal filed an application for disability benefits, which was denied initially on August 24, 2006, and upon reconsideration on January 31, 2007.  Neal filed a request for a hearing on February 20, 2007, which was granted.  A hearing before Administrative Law Judge Richard Ouellette was held on March

16, 2009. The ALJ issued his decision denying benefits on April 24, 2009. (R. 13-22).

In his decision denying benefits, the ALJ considered Neal's impairments of "status post pacemaker, sleep apnea, and morbid obesity." (R. 15). The ALJ discredited Neal's sleep apnea symptoms due to Neal's noncompliance with recommended CPAP treatment. The ALJ noted:

> The claimant also reported feeling fatigued and having daytime sleepiness. However, I note that the claimant has not always been compliant with treatment in this area. The medical evidence suggests that the claimant had been diagnosed with sleep apnea several years ago and admitted on October 25, 2006, that he had not been using his CPAP machine. Moreover, during the claimant's more recent sleep study performed on January 25, 2007, it was again recommended that he use a CPAP machine.

(R. 20).

After finding Neal's subjective complaints not credible, at least in part due to Neal's failure to comply with a recommended course of medical treatment, the ALJ determined that Neal is able to perform work existing in the national economy. Thus, the ALJ determined that Neal is not disabled. (R. 22).

Neal appealed the decision of the ALJ to this Court. After hearing from both Neal and the Commissioner, the Magistrate Judge issued a Report and Recommendation in which he recommends that the ALJ's disability determination be

reversed and remanded due to an error committed by the ALJ: "I find that the ALJ erred by discounting Plaintiff's sleep apnea symptoms due to noncompliance with recommended CPAP treatment without first determining Plaintiff's ability to pay for the treatment. I therefore recommend the Commissioner's decision be reversed and the case be remanded for further consideration." (Doc. # 12 at 1).

The Magistrate Judge correctly points out that, during the hearing before the ALJ, Neal testified, in essence, that he does not have a CPAP machine and that he is trying to get a CPAP machine through the Pinellas County Health Department. (R. 32). In his memorandum submitted to the Magistrate Judge, Neal argues, "Failing to properly consider the effect of sleep apnea . . . because the Plaintiff was unable to obtain the CPAP machine penalizes the Plaintiff simply for being poor." (Doc. # 9 at 10).

Neal relies upon Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988), which holds that a disability claimant's inability to afford prescribed medical treatment may excuse noncompliance with such treatment: "We agree with every circuit that has considered the issue that poverty excuses noncompliance. . . . [W]hile a remediable or controllable medical condition is generally not disabling, when a claimant cannot afford the prescribed treatment and can find no way to

obtain it, the condition that is disabling in fact continues to be disabling in law." Id. (internal quotation marks and citation omitted).

The Magistrate Judge's recommendation is consistent with Eleventh Circuit law and this Court agrees that the ALJ should not have discredited Neal's sleep apnea symptoms due to failure to use a CPAP machine without the first determining whether Neal had a CPAP or whether Neal could afford a CPAP. Therefore, this Court overrules the Commissioner's objection to the Report and Recommendation. The ALJ determined that Neal failed to use "his" CPAP machine. However, the record also contains evidence (Neal's testimony at the ALJ hearing) that Neal does not have a CPAP machine and is trying to obtain one. The Commissioner's objection, though well-written and well-argued, does not clear up the conflict in the record, which can only be resolved by remanding this matter.[1]

---

[1] The Court does not disagree with the Commissioner's citation to Muir v. Astrue, Case No. 8:07-cv-128210, 2009 U.S. Dist. LEXIS 128210, at *14 (M.D. Fla. Feb. 27, 2009) (affirming ALJ's denial of disability benefits, including ALJ's failure to credit petitioner's subjective complaints of sleepiness, due to the petitioner's failure to use a CPAP machine). In that case, however, there did not appear to be a conflict as to whether the disability claimant actually had access to a CPAP machine. In contrast, the present case presents a situation where the ALJ discredited subjective symptoms due to noncompliance with use of a CPAP machine when the record contains evidence that Neal does not presently have access to a CPAP machine.

Accordingly, this Court adopts the Report and Recommendation of the Magistrate Judge. In so doing, this Court does not determine that Neal is entitled to disability benefits. Rather, the Court remands this matter only for further consideration regarding Neal's access to, ability to afford, and/or use of a CPAP machine.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) United States Magistrate Judge Mark A. Pizzo's Report and Recommendation (Doc. # 12) is **ACCEPTED** and **ADOPTED.**

(2) The decision of the Commissioner of the United States Social Security Administration denying benefits is **REVERSED AND REMANDED.**

(3) The Clerk is directed to **ENTER JUDGMENT** in favor of the Petitioner. Thereafter, the Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>19th</u> day of September, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record